BIANCA BRANNIGAN

v.

VERNE LA CROSSE d.b.a. LA CROIX LAUNDRY

Civil No. 16-1966

District Court of the Virgin Islands

Div. of St. Croix

Frederiksted Jurisdiction

Filed November 17, 1967

MARIS, *Circuit Judge*

OPINION

This is an appeal by the defendant from a judgment of the Municipal Court in a civil action for damages alleged to have resulted from the discharge upon the plaintiff's land of waste water from a commercial laundry operated by the defendant on his adjoining land. The Municipal Court found that waste water from the defendant's laundry has been and still is overflowing from the defendant's premises onto the plaintiff's property and in front of and onto her driveway resulting in the creation of a large pond on plaintiff's front lawn and that this waste water emits a noxious odor, breeds mosquitoes and deprives the plaintiff of the proper and full use of her property. Concluding that

the defendant has created and maintained a nuisance and that the plaintiff has suffered discomfort and the reasonable loss of the use of her premises therefrom the Municipal Court held that the plaintiff was entitled to damages in the sum of $3,000 as compensation for the loss of use of the premises, her discomfort and the damage to her real property, and entered judgment awarding to the plaintiff the sum of $3,000 as damages. The Court also entered an order directing the abatement of the nuisance at the expense of the defendant.

 Upon the present appeal the defendant does not attack the order of abatement or deny that the plaintiff is entitled to damages to compensate her for her discomfort or loss of the use of her premises. He does, however, urge that she is not entitled to damages for depreciation of her real estate since the injury to it is merely temporary pending the abatement of the nuisance. It has been held that where the injury to real property is temporary the measure of damages, if the property is occupied by the owner, is limited to the diminution in the value of its use by the owner during the period of its injury. Norwood v. Sheen, 1933, 126 Ohio St. 482, 186 N.E. 102, 87 A.L.R. 1375. Since there is no permanent injury in such a case evidence as to diminished value of the property resulting from the injury is not relevant. County of Mohave v. Chamberlin, 1955, 78 Ariz. 422, 281 P.2d 128. In the present case the evidence indicates that the award of damages in the sum of $3,000 was made up of two components, $500 damages for the plaintiff's discomfort and the loss of use of her premises and $2,500 damage to her property. As I have indicated, the latter component was not an allowable item of damage since the injury here is temporary and will be eliminated upon the abatement of the defendant's nuisance.

98

Accordingly an order will be entered modifying the judgment appealed from by reducing it from $3,000 to $500, and, as so modified, affirming it.